IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUANITA A. ROMANO,

    Plaintiff,

v.                                          Civil No. 03-837 WJ/RLP

CITY OF ALBUQUERQUE, and
Albuquerque Police Officer JAMES
W. PERDUE,

    Defendants.

### MEMORANDUM OPINION AND ORDER ON DEFENDANTS' DAUBERT MOTION TO EXCLUDE TESTIMONY OF ROBERT KHO

THIS MATTER comes before the Court pursuant to Defendants' Daubert Motion to Exclude Testimony of Robert Kho [Docket No. 30]. A hearing on the motion was held on September 20, 2004. Upon consideration of the submissions of the parties, oral argument of counsel, and the applicable law, I conclude that Robert Kho shall be permitted to testify, but that his testimony will be limited, absent the laying of a sufficient foundation, as described herein.

Robert Kho is a full-time automotive instructor at TVI[1] and has held that position for seventeen years. Mr. Kho also owns an automotive repair business and has run the business since 1984. Mr. Kho has personal knowledge of Plaintiff's vehicle from performing repairs on the vehicle. Mr. Kho has knowledge that Plaintiff's car has a "continental package" that, according to him, was factory installed as indicated by a assembly line sheet for the car. Mr. Kho testified at his deposition that this package is rarely found on the year and model owned by Plaintiff - it is not listed as an option for that vehicle, and Mr. Kho has never seen it before on that model of vehicle.

---

[1]TVI is a technical-vocational school in Albuquerque, New Mexico.

Mr. Kho performed an inspection and valuation of Plaintiff's vehicle in order to determine the value for insurance purposes. This valuation was done sometime after the car was painted in 1997. At that time, Mr. Kho valued Plaintiff's vehicle at over $3,000. Mr. Kho observed the exterior of Plaintiff's vehicle shortly before it was towed.

Plaintiff seeks to have Mr. Kho testify with regard to his personal knowledge of Plaintiff's vehicle. Plaintiff also seeks Mr. Kho's testimony with regard to the condition and value of Plaintiff's vehicle. Mr. Kho is obviously a fact witness with regard to Plaintiff's vehicle to the extent he observed the vehicle and serviced the vehicle. He is also qualified, as a long-time automotive instructor and operator of an automotive repair business, to offer expert opinion on the condition of a vehicle. Defendants do not challenge the admissibility of Mr. Kho's testimony in these areas. Defendants challenge the admissibility of Mr. Kho's testimony with regard to the value of Plaintiff's vehicle arguing that Mr. Kho is not qualified to give expert testimony on this subject.

Rule 702 of the Federal Rules of Evidence imposes on the Court an important gate-keeping function with regard to the admissibility of expert opinions. Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 969 (10th Cir. 2001) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)). The determination of admissibility of expert testimony requires a two-step analysis. Id. The Court must first determine whether the expert is qualified by "knowledge, skill, experience, training, or education" to offer the proposed opinion. Id. (citing Fed. R. Evid. 702). If the Court determines that the expert is qualified, the Court must proceed to determine whether the opinions are reliable under the principles set forth in Daubert. Id.

There is no evidence in the record from the Court can determine that Mr. Kho has the knowledge, skill, experience, training or education to offer an opinion on the value of Plaintiff's vehicle.  The only evidence with regard to Mr. Kho's valuation of vehicles is his testimony that he provided a valuation of Plaintiff's vehicle some time after 1997.  There is no evidence from which the Court can determine Mr. Kho's qualifications to provide that valuation.  Nor can the Court infer from Mr. Kho's acknowledged experience in automotive repair that he has any specialized knowledge or ability in the area of the valuation of vehicles.  Therefore, there is insufficient foundation from which the Court can determine that Mr. Kho is qualified as an expert in the valuation of vehicles.  Mr. Kho will not be permitted to testify on the value of Plaintiff's vehicle absent the presentation of evidence, outside the presence of the jury, showing that Mr. Kho is qualified to offer an opinion on the value of vehicles.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE